THE PEOPLE *v.* TORRELLAS.

APPEAL from the District Court of Mayaguez.

No. 89.—Decided May 11, 1906.

APPEAL—BASIS OF THE APPEAL.—The allegation of the defendant that he was not present when sentence was pronounced must be substantiated by the record, otherwise it will be presumed that the proceedings in the lower court were had in accordance with law.

ID.—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—So that the Supreme Court may consider the evidence submitted at the trial, it must be presented on appeal in the form of a bill of exceptions or a statement of facts.

CONSPIRACY—CRIMINAL RESPONSIBILITY OF THE ACCUSED.—In a case against two persons for conspiracy, the criminal responsibility of one should be the same as that of the other, as the guilt of one is incompatible with the innocence of the other. So that the crime may be committed, the concurrence of two or more persons is absolutely necessary.

ID.—ELEMENTS OF THE CRIME.—The statute endeavors to punish the agreement of two or more persons to commit an act criminal in itself or one which is expressly prohibited by the provisions in regard to conspiracy.

ID.—If the agreement of the accused is to commit one of the crimes set out in section 63 of the Penal Code, it is not necessary, so that the crime may exist, to allege or prove any other act on their part, but if reference is made to any of the acts expressed in paragraphs 2, 3, 4 and 5 of section 62 of the said Code, then, in addition to alleging and proving the agreement which they adopted, it is necessary to allege and prove the commission of some other act on the part of one or more of the accused to carry out their agreement; that is to say, the mere agreement between the parties to commit an act not a crime, does not of itself constitute a punishable offense.

ID.—COMPLAINT.—In the complaint it should be alleged that the agreement of the accused tended to the commission of a crime or to carry out one of the acts prohibited by the provisions of the law against conspiracy; if the act, the subject of the agreement, is not one of itself prohibited by the penal laws, the complaint should state the nature of the alleged conspiracy and what were the acts which they or some of them committed to further their object.

ID.—An agreement by two persons to set fire to a house belonging to one of them is not a crime unless the act is prejudicial to the public health, public morals, or tends to pervert or obstruct the due execution of the laws, and in such a case the act complained of should be clearly stated in the complaint so that the defendants may know what they are charged with.

ID.—ARSON.—To accuse a person of having set fire to the house of another is to accuse him of the crime of arson, but on a charge of conspiracy the accused cannot be found guilty of arson.

ID.—In the complaint filed in this case the following words were used: "* * * they agreed and took steps to destroy by fire the house of Torrellas," but these words do not indicate that the crime of arson was the object of the agreement.

COMPLAINTS—NECESSARY REQUISITES.—Although generally in the drafting of a complaint all the requisites of an information are not necessary, nevertheless it is necessary to state in the former sufficient facts so that the accused may be informed of the charges against them.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Mayaguez. The proceedings took their start in the Municipal Court of Mayaguez, where the *fiscal* of that district presented a complaint against Eloy Torrellas and Alejandro Texidor, charging them with the crime of conspiracy and that they took steps to destroy by fire the house belonging to Torrellas, situated on Méndez Vigo street, which fire it was alleged arose in a neighboring house, and spread to the said house of Torrellas, both houses being totally destroyed.

The municipal court sentenced Torrellas to one year's imprisonment, and to payment of the costs, and exonerated Texidor, giving as its reason the lack of proof. This sentence was appealed to the District Court of Mayaguez, where, after a trial, Torrellas was found guilty and sentenced to the same

punishment. From the judgment of the district court Torrellas has prosecuted this appeal. The attorney for the appellant alleges that the proceedings ought to be reversed, because in the first place it is not shown that the accused was present when the sentence of the Municipal Court of Mayaguez was pronounced. It is sufficient to say that that alleged defect does not appear in the record before us. There is nothing to show that the appellant was not present when the municipal court pronounced sentence.

It is then alleged by the appellant that he was not present. in the District Court of Mayaguez when sentence was pronounced against him there. The sentence of the district court is as follows: -

"On hearing this case, it being set for the 5th of September, 1905, for pronouncing sentence, the accused appeared, and the court, after having heard the evidence and allegations of the parties, reserved its decision until to-day the 5th of September, 1905, and on this day declares the accused guilty of the crime of conspiracy, and therefore sentences him to one year in jail, and to the payment of costs; the bond given by him to remain at liberty being hereby canceled."

Unless there is some error in the record, it would appear that Torrellas was present, although what took place at the time is somewhat ambiguously set forth. In the absence of any more positive indication, it must be presumed that the formalities of the law were observed, especially as the crime charged is a misdemeanor.

The appellant then alleges that the case ought to be reversed, because at least two persons being necessary to a conspiracy, it would be impossible for Texidor to be innocent and Torrellas guilty, and that Texidor having been declared innocent in the municipal court, the district court had no right to find the other defendant guilty. We concur with counsel for the appellant in his contention that the innocence of the one and the guilt of the other cannot coexist.

Unfortunately the evidence before the district court during the trial of Torrellas has not been brought up to us.

If it could be assumed in this case that the complaint charged a conspiracy forbidden by the law it would be impossible for this court to say that the district court was not justified in finding the defendant guilty as charged. With a sufficient complaint that court might have found from the evidence that Torrellas did conspire with Texidor, and that the municipal court was mistaken in declaring the latter innocent. In such event, without a bill of exceptions or a statement of the facts, we should have no way of reviewing the evidence on which the court founded its judgment. It may be that the district court had the same erroneous notion of the crime of conspiracy as had the municipal court, but the record is too meagre for us to form any clear notion of the reasons by which either court arrived at the idea of what constituted a conspiracy.

Let us consider the case under another aspect. Title V of the Penal Code is as follows:

"Section 62.—If two or more persons conspire:

"1. To commit a crime;

"2. Falsely and maliciously to present another for any crime, or to procure another to be charged or arrested for any crime;

"3. Falsely to move or maintain any suit, action, or proceeding;

"4. To cheat and defraud any person of any property by any means which are in themselves criminal, or to obtain money or by false pretenses; or,

"5. To commit any act injurious to the public health, the public morals, or for the perversion or obstruction of justice or due administration of the laws;

"6. They are punishable by imprisonment in jail not exceeding one year or by fine not exceeding $1,000, or both.

"Section 63.—No agreement, except to commit a felony upon the person of another, or to commit arson, or burglary amounts to conspiracy, unless some act, beside such agreement, be done to effect the object thereof, by one or more of the parties to such agreement."

Thus it will be seen that what the Penal Code aims to punish is the confederation of two or more persons to commit

some act which is either a crime in itself, or expressly forbidden by the chapter on conspiracy. If there is a conspiracy to commit a crime, no other action on the part of the parties to the conspiracy need be alleged or shown. If the agreement is to do any of the things set out in paragraphs 2, 3, 4, or 5 of section 62, some other act beside the agreement to effect the object·thereof must be done by one or more of the parties to such agreement. In other words a mere agreement to do a thing which is not·a crime in itself is not punishable by the law in force in Porto Rico. · A complaint in conspiracy therefore should bring home to the accused person a knowledge of the thing with which he is charged, whether it is an agreement to commit a crime or to do some other thing prohibited by the law on conspiracy. If the act which is the object of the agreement is not forbidden by the penal laws, the defendants have a right to be informed of the character of the alleged conspiracy and what act or acts they or any of them are charged with having taken to carry it into effect.

The complaint in this case charges the conspiracy to set fire to the house of Torrellas, but an agreement by two persons to set fire to a house belonging to one of them is not a crime, the crime of arson being limited to the burning of a house or property of another person with intent to destroy it. This is expressly set forth in section 398 of the Penal Code, and sections 403 and 404 show that the intent of the legislature was to limit the crime to the burning of the property of another. There are some words in the complaint to show that a house of another person was also burned, and that the fire spread from the said house of Sucesión Nadal to the house of Torrellas, but it is not alleged that any one of the defendants took part in such burning; nor is it alleged that such burning, namely, of the house of the Sucesión Nadal was the object of the conspiracy. There are circumstances under which the fact of agreeing to burn one's own house would be a conspiracy prohibited by section 5 of Title V, being an act

injurious to the public health, public morals, or for the perversion or obstruction of justice. But if the object is to prove such an act, the defendants are entitled to know the same.

To charge a man with having set fire to another person's house is to accuse him of the crime of arson, and it might very well be that the municipal court had the idea from the proof that the defendant Torrellas was guilty of arson, and could be punished therefor under the complaint presented. If the latter had been drawn so as to set out clearly some act of conspiracy prohibited by law, the municipal court might not have committed the error it did.

While in general the same amount of particularity is not required of a complaint that is necessary to an information, yet something should be alleged which will put the defendants upon notice of the thing for which they are being tried. Where the information is for larceny, or some other crime of a simple nature, almost any words that would indicate a stealing, and some description of the property, would probably be sufficient. Nevertheless section 22 *et seq.,* of the Code of Criminal Procedure show that the offense should be clearly charged, a priniciple which is also set forth in article 246 of the Code of Criminal Procedure with respect to informations in conspiracy cases.

The chapter on conspiracy sets up different classes of forbidden acts, and the complaint cannot be classified under any one of them. It might be that there was an attempt to allege an agreement to commit the crime of arson, but the words that "they agreed and took steps to destroy by fire the house of Torrellas" did not indicate that such crime was the object of the agreement. If some other conspiracy, not a crime, was sought to be accomplished, then the complaint would be decidedly insufficient in failing to set up that the defendants had such purpose in mind or that they did some other thing to fulfill their end.

We think the defendants had a right to know the nature of the conspiracy with which they were charged, and truth

of this almost axiomatic principle of the law is more especially brought to our attention by the fact that the municipal court, where two only were complained against, could declare one defendant guilty and another innocent of a crime, when two or more persons are absolutely necessary to the commission of such crime.

Under the peculiar circumstances of this case we must hold that the complaint in this case was insufficient to hold either defendant on a charge of conspiracy, and the case must be sent back to the District Court of Mayagüez with instructions to dismiss the complaint against the defendant Eloy Torrellas.

*Decided accordingly.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.